UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: **09-CV-61751-Zloch-Rosenbaum**

AVA H. DRUCKMAN,

    Plaintiff,

v.

ALW SOURCING, LLC, and
MEDCLR, INC.,

    Defendants.

_____/

FILED by VT D.C.
ELECTRONIC

Nov. 2, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant, ALW SOURCING, LLC, placed telephone calls into this District on behalf of Defendant, MEDCLR, INC.

## PARTIES

3. Plaintiff, AVA H. DRUCKMAN, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, ALW SOURCING, LLC, ("ALW") is a limited liability company and citizen of the State of Maryland with its principal place of business at 1804 Washington Boulevard, Baltimore, Maryland 21230.

5. Defendant, MEDCLR, INC., ("MEDCLR") is a corporation and a citizen of the State of Delaware with its principal place of business at Suite 800, 1201 Market Street, Wilmington, DE 19801.

## FACTUAL ALLEGATIONS

6. Defendants sought to collect from Plaintiff an alleged debt arising from an alleged debt incurred for Plaintiff's medical care.

7. After the alleged debt went into default, Defendant, MEDCLR, acquired the alleged debt from the original creditor or a subsequent holder.

8. Defendant, MEDCLR, assigned the debt for collection to other debt collectors including but not limited to, Defendant, ALW, who in turn sought to collect the alleged debt from Plaintiff.

9. Defendant, ALW, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

10. Defendant, MEDCLR, regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

2

11. Defendant, ALW, regularly collects or attempts to collect debts for other parties.

12. Defendant, ALW, is a "debt collector" as defined in the FDCPA.

13. Defendant, MEDCLR, is a "debt collector" as defined in the FDCPA.

14. At all times material to the allegations of this complaint, Defendant, ALW, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

15. At all times material to the allegations of this complaint, Defendant, MEDCLR, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

16. Defendant, MEDCLR, authorized other debt collectors including but not limited to Defendant, ALW, to collect the alleged debt from Plaintiff by placing telephone calls and sending letters on its behalf to Plaintiff.

17. Other debt collectors including but not limited to Defendant, ALW, sent letters and placed telephone calls to Plaintiff in an effort to collect the alleged debt on behalf of MEDCLR.

18. By virtue of its status as a debt collector, MEDCLR, is vicariously liable to Plaintiff for ALW'S violations of the FDCPA. See *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir. Pa. 2000); *McCorriston v. L.W.T., Inc.*,

3

2008 U.S. Dist. LEXIS 60006, 11-12 (M.D. Fla. Aug. 7, 2008); <u>Schutz v. Arrow Fin. Servs., LLC</u>, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006).

19. Defendant, ALW, left the following telephone messages on Plaintiff's voice mail at her residence on or about the dates stated:

<u>February 13, 2009</u>
Hello. We need to speak with Ava Druckman about a personal business matter. Please have them call us toll free at 888-379-4884 and use reference ID B45373. The number again is 888-379-4884 and use reference ID B4.

<u>February 23, 2009</u>
Hello. We need to speak with Ava Druckman about a personal business matter. Please have them call us toll free at 888-379-4884 and use reference ID B45373. The number again is 888-379-4884 and use reference ID B45373. Thank you. Goodbye.

20. In addition to the foregoing telephone messages, Defendant, ALW, left in excess of 53 other telephone messages for Plaintiff on other occasions. (Collectively, "the telephone messages").

21. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See <u>Berg v. Merchs. Ass'n Collection Div.</u>, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

22. Defendant, ALW, failed to inform Plaintiff in some of the messages of its name, that the communication was from a debt collector and failed to disclose the purpose of its messages.

4

23. Defendant, ALW, knew it was required to disclose its name, that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

**COUNT I**
**FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR**

24. Plaintiff incorporates Paragraphs 1 through 23.

25. Defendant, ALW, failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

**COUNT II**
**FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY**

26. Plaintiff incorporates Paragraphs 1 through 23.

27. Defendant, ALW, placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name that it is a

5

debt collector and the purpose of its communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

28. Plaintiff incorporates Paragraphs 1 through 23.

29. Defendant, ALW, caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C §1692d(5). See *Sanchez v. Client Servs.*, 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

6

 b. Attorney's fees, litigation expenses and costs of suit; and

 c. Such other or further relief as the Court deems proper.

### COUNT IV
### ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

30. Plaintiff incorporates Paragraphs 1 through 23.

31. Defendant, ALW, asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing that ALW is a debt collector, or the purpose of its communications, when ALW knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

 a. Damages;

 b. Attorney's fees, litigation expenses and costs of suit;

 c. declaring that Defendants' practices violate the FCCPA;

 d. permanently injoining Defendants from engaging in the complained of practices; and

 e. Such other or further relief as the Court deems proper.

### COUNT V
### HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

32. Plaintiff incorporates Paragraphs 1 through 23.

7

33. By failing to disclose its name, that it is a debt collector and the purpose of its communication, and by telephoning Plaintiff with such frequency as can be reasonably be expected to harass, AWL willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit;

c. declaring that Defendants' practices violate the FCCPA;

d. permanently injoining Defendants from engaging in the complained of practices; and

e. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 2 day of November, 2009.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com

By: _____

8

Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

9

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**

Ava H. Druckman

**DEFENDANTS**

ALW Sourcing, LLC, and MedClr, Inc.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** BROWARD
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842
FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

0:09cv 61751-Zloch-RSR

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- [ ] 1. U.S. Government Plaintiff
- [x] 3. Federal Question (U.S. Government Not a Party)
- [ ] 2. U.S. Government Defendant
- [ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | 2 | 2 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** __1-2__ days estimated (for both sides) to try entire case   15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 362 Pers. Injury-Med Malpractice | | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 365 Personal Injury-Prod. Liability | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **B SOCIAL SECURITY** | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending B | ☐ 640 R.R. & Truck | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 650 Airline Regs | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 660 Occupational Safety/Health | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | ☐ 690 Other | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **A LABOR** | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 720 Labor Management Relations B | **A FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 740 Railway Labor Act | ☐ 871 IRS-Third Party 26b USC 7609 | ☒ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property | | ☐ 790 Other Labor Litigation | | |
| | **B PRISONER PETITIONS** | ☐ 791 Employee Ret. Inc. Security Act B | | |
| | ☐ 510 Motions to Vacate Sentence Habeas Corpus | | | |
| | ☐ 530 General* | | | |
| | ☐ 535 Death Penalty | | | |
| | ☐ 540 Mandamus & Other* | | | |
| | ☐ 550 Civil Rights *A or B | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

- [x] 1. Original Proceeding
- [ ] 2. Removed from State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Refiled
- [ ] 5. Transferred from another district (specify)
- [ ] 6. Multidistrict Litigation
- [ ] 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A ☐ UNDER F.R.C.P.23
CLASS ACTION  No
DEMAND $ N/A
☐ Check YES only if demanded in complaint
**JURY DEMAND:** ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ DOCKET NUMBER _____

DATE: November __, 2009   SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

FOR OFFICE USE ONLY: Receipt No. 547939   Amount: _____   Date Paid: _____   M/ifp: _____

S/F 1-2
REV. 9/94